UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.:_____

JUAN C. ARTEAGA, individually and on
behalf of others similarly situated

     Plaintiffs,

v.

DELL, FINANCIAL SERVICES, LP
a Delaware Corporation,

     Defendant.

_____/

**CIV-GRAHAM**

**MAGISTRATE JUDGE
O'SULLIVAN**

## CLASS ACTION COMPLAINT

Plaintiff, Juan C. Arteaga ("Mr. Arteaga" or "Plaintiff"), individually and on behalf of all

persons similarly situated, brings this action against the Defendant, Dell Financial Services, LP,

a Delaware corporation ("Dell"), and alleges:

1.    This action is brought by the Plaintiff pursuant to Rule 23, Federal Rules of Civil

Procedure, on behalf of all persons who have been subjected to Dell's violations of the Equal

Credit Opportunity Act, 15 U.S.C. Section 1691, *et seq*, (the "Act").

2.    Subject matter jurisdiction is vested in this Court in that the amount in

controversy is greater than $75,000.00 and under the authority of the Thirteenth Amendment to

the United States Constitution, the Fifth Amendment to the United States Constitution, 15 U.S.C.

§1691, 28 U.S.C. §1331, 28 U.S.C. 2201, 28 U.S.C. 2202, 5 U.S.C. 706, 42 U.S.C. § 2000d, 7

C.F.R. §15.1, 7 C.F.R. §15.51



Arteaga v. Dell
*CLASS ACTION COMPLAINT*
Page 2 of 9

3. Personal jurisdiction derives from the fact that the Defendant conducts business within the State of Florida.

4. Venue is properly before this Court in this judicial district pursuant to 28 U.S.C. §1391(e), and because the actions giving rise to these claims occurred in Miami-Dade County, Florida.

5. All conditions precedent to this action have been performed or have occurred.

## I. THE NAMED PARTIES

6. Mr. Arteaga, an individual residing in Miami-Dade County, Florida, damaged when Dell denied his credit application based on his national origin in violation of the Act.

7. Dell, a Delaware corporation, is doing business within the State of Florida, the County of Miami-Dade, and this judicial district.

## II. FACTUAL ALLEGATIONS

8. The Act is federal law which prohibits creditors from certain forms of discrimination. Age, race, color, national origin, gender, marital status, religion, or receipt of public aid may not be used to: (i) discourage or prevent you from applying for credit; (ii) refuse you credit which you otherwise qualify for; and/or (iii) give you less credit, or credit on terms different from those who have similar credit risks (permissible risk factors include ability to pay, credit record, stability and assets owned).

9. Beginning at an exact date unknown to the Plaintiff, but within the last four years prior to the filing date of this action, the Defendant has violated the Act by applying policies and procedures having a direct discriminatory impact upon Hispanics.

10.     In or about February, 2005, Mr. Arteaga, a university level educator affiliated with an esteemed local university, was solicited via email by Dell Inc. to purchase computers and computer related software. Given that Mr. Arteaga and his company, Global Institute of Higher Extension Studies, L.L.C. ("Global") were in the market for computer equipment, Mr. Arteaga responded to the solicitation and contacted Dell, Inc.

11.     Accordingly, an order was placed with Dell, Inc.'s Small-Medium Business Acquisitions Department and a credit/lease application was submitted to Dell Financial.

12.     Shortly after, Global submitted its credit application to Dell Financial.  Mr. Arteaga was required to personally guarantee the credit line because Global was a relatively new company. After submitting Mr. Arteaga's personal financial information, including tax records, and after several communications via email, Dell Inc. finalized and approved Global's order and Dell Financial approved the credit application without any qualifications. (Lease Agreement is attached hereto as Exhibit **A**.)

13.     After Mr. Arteaga was approved, pursuant to Dell Financial's instructions, Mr. Arteaga wire transferred $4,063.54 to Dell Financial's Bank of America account as a down payment for the leased computer equipment.

14.     Subsequently, though still during the month of February 10, 2005, Ms. Lynn Dickenson of Dell Financial confirmed that she had received the application, that the down payment was applied and that the order was being processed and would be ready soon. See Confirmation of Receipt of Funds from Dell Financial, attached as Exhibit **B**.

15.     On February 11, 2005, the day after Dell had confirmed Global's credit application and had applied Mr. Arteaga's down payment, Ms. Dickenson emailed Mrs. Castano at Global and informed her that the credit application was being denied because "our verification department seems to think that Juan Carlos [Arteaga] can't speak English and a non-English speaker can't personally guarantee an account for fear they may not understand the terms and conditions of the lease." (Email Correspondence from Dell Financial is attached hereto as Exhibit **C**.)  This policy of not extending credit to Hispanics has a direct discriminatory impact.

16.     Mr. Arteaga made several attempts to obtain further explanation from Dell Financial for its decision to deny him and Global credit but his requests went unanswered.

17.     Even though Mr. Arteaga had exemplary credit, Dell would not extend him credit because of his accent and ethnic background.

18.     Dell's refusal to provide him credit, is a clear and direct violation of the Act.

## III. CLASS REPRESENTATION ALLEGATIONS

19.     Pursuant to the provisions of Rule 23, Federal Rules of Civil Procedure, Plaintiff alleges the following:

20.     The prosecution of individual remedies by members of the plaintiff class would tend to establish inconsistent standards of conduct for the Defendant and would result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.

21.     There is no plain, speedy or adequate remedy other than by the maintenance of this class action because the people being affected by Dell's violation of the Act could *not afford*

to bring individual actions; thus, it would be economically unfeasible to pursue remedies other than by means of a class action. Consequently, class representation is the only viable approach to resolving the issues presented.

22.     Common questions of law and fact affect the rights of each member of the class and common relief by way of damages is sought for the members of the class. Common issues of fact and law include:

> i.  Whether Dell violated the Act by denying an individual credit based on his ethnic background; and/or
>
> ii. Whether Dell did so in a way which entitles the members of the class to obtain punitive damages as set forth in the act – up to $500,000.

23.     Plaintiff will fairly and adequately represent the interests of each class member because Plaintiff has no interests that are antagonistic to the claims of the members of the class; and the Plaintiff will vigorously pursue the claims that he asserts on behalf of the members of the class.

24.     The exact number of the members of the class is not known to the Plaintiff, but can be determined from records maintained by the Defendant. Plaintiff believes that there are thousands of potential class members. It is believed that most class members are unaware that they have claims. Whether or not they are aware, however, their claims have damages in amounts that may be too small to justify the expense of a separate lawsuit; aggregated, however, they make litigation financially feasible.

25.     The proposed class meets the requirements for class certification under Rule 1.220(b)(3), Florida Rules of Civil Procedure in that the questions of law and fact alleged by the Plaintiff and the claims of each member of the class, predominate over any questions of law or fact affecting only individual members of the class. Class representation is superior to other methods for the fair and efficient adjudication of this controversy because:

(i) The members of the class do not have any perceptible interest in individually controlling the prosecution of separate claims, since to do so would be prohibitively expensive and inefficient;

(ii) The Plaintiff is unaware of any pending litigation in this State to which any member of the class is a party and in which any question of law or fact controverted in the subject action is to be adjudicated;

(iii) It is desirable to concentrate this litigation in the subject forum since to do so will prove cost-effective for the parties and efficient for the Courts and the actions taken by the Defendant; and

(iv) The members of the class are so numerous that separate joinder of each member of the class is impracticable.

26.     A class action provides a fair, efficient and superior method, if not the only method, for adjudicating this controversy. The substantive claims of the members of the class are substantially the same and will require evidentiary proof of the same kind and application of the same law.

<u>Arteaga v. Dell</u>
*CLASS ACTION COMPLAINT*
Page 7 of 9

27.     The Plaintiff has retained counsel who are competent and experienced in class action litigation, and who have represented other consumers in complex class action litigation. Counsel has agreed to handle this case on a contingent basis, with its compensation for professional services to be awarded by the Court.

28.     The Plaintiff, as the Class Representative, will seek to identify all members of the class through such discovery procedures as may be appropriate and will provide the members of the class with such notice of this action as the Court may direct.

WHEREFORE, the Plaintiff, on behalf of himself and all others similarly situated, requests that this Court enter an Order certifying this action as a Class Action under Rule 1.220, Florida Rules of Civil Procedure.

## IV. FIRST CAUSE OF ACTION
## VIOLATION OF THE ACT

Plaintiff repeats, realleges and incorporates the allegations as set forth in paragraphs 1 through 28 as if fully set forth herein.

29.     Within the last four years from the date of filing of the instant action, Defendant has violated the Act, by refusing to provide credit to individuals based upon their ethnic background.

30.     Defendant's failure to provide credit based on Age, race, color, national origin, gender, marital status, religion is a violation of the Act.

31.     As a direct and proximate result of the aforementioned acts by the Defendant, the Plaintiff has been damaged.

*CLASS ACTION COMPLAINT*
Page 8 of 9

32.     Defendant's violation of the Act was not a result of a bona fide error.

WHEREFORE, the Plaintiff, on behalf of himself and all others similarly situated, requests that this Court enter an Order awarding damages to Mr. Arteaga and the class members, for a statutory award of attorneys' fees and costs, punitive damages and for such other costs and further relief as the Court may deem proper and just.

## V. SECOND CAUSE OF ACTION
### INJUNCTION

Plaintiff repeats, realleges and incorporates the allegations as set forth in paragraphs 1 through 28 and 29 through 30 as if fully set forth herein.

33.     Defendant has violated the Act, by refusing to provide credit to individuals based upon their ethnic background.

34.     Accordingly, and as a result of the foregoing, Plaintiff has a good faith belief that Defendant intends to violate the Act by refusing to extend credit to individuals based upon their ethnic background.

35.     In the event this Court does not enjoin Defendant from discriminating against individuals in violation of the Act, numerous individuals will suffer from Defendant's discriminatory policy.

36.     Further, Defendant's violation of the Act will cause irreparable injury to thousands of individuals.

37.     Plaintiff is entitled as a matter of law to entry of an injunction, temporary and permanent, enjoining any violation of the Act by the Defendant.

Arteaga v. Dell
*CLASS ACTION COMPLAINT*
Page 9 of 9

WHEREFORE, Plaintiff respectfully request the Court to enter preliminary and

permanent mandatory injunctive relief restraining Defendant from violating the Act, and

awarding to the Plaintiffs their reasonable attorneys fees and costs of this action, award to

Plaintiff reasonable attorneys' fees and costs of this action, and such other and further relief as

this Court deems just and proper.

Dated in Miami this _____ day of May, 2006

**Attorneys for Plaintiff**

Thomas K. Equels, Esq.
HOLTZMAN EQUELS, PA
2601 South Bayshore Drive, Suite 600
Miami, Florida 33133
Phone: (305) 859-7700
Facsímile: (305) 859-9996

By: _____
Thomas K. Equels, Esq.
Florida Bar No. 304735

and

Alvarez, Eljaiek & Rodriguez, PL
2601 S. Bayshore Drive
Suite 700
Coconut Grove, Florida 33133
Telephone No. (305) 444-5885
Facsímile No. (305) 444-8986

By: _____
Benjamin R. Alvarez, Esq.
Florida Bar No. 175633

**CIVIL COVER SHEET**

%JS 44 (Rev. 11/05)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**

JUAN C. ARTEAGA, individually and on behalf of others similarly situated

**DEFENDANTS**

DELL FINANCIAL SERVICES, LP, a Delaware Corporation

**(b)** County of Residence of First Listed Plaintiff   Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Miami-Dade
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

HOLTZMAN EQUELS, P.A.   Telephone: (305) 859-7700
2601 South Bayshore Drive, Suite 600
Miami, Florida 33133

Attorneys (If Known)

**(d)** Check County Where Action Arose ✓ MIAMI- DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
✓ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ✓ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ✓ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ✓ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

✓ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):

a) Re-filed Case ☐ YES ✓ NO        b) Related Cases ☐ YES ✓ NO

JUDGE                              DOCKET NUMBER

**VII. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

Dell's violations of the Equal Credit Opportunity Act, 15 U.S.C. Section 1691 and related statutes.

LENGTH OF TRIAL via _81_ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**

✓ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $                CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ✓ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE
May 3, 2006

FOR OFFICE USE ONLY

AMOUNT $350.00   RECEIPT # 939585

05/04/06