UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 06-21123-CIV-GRAHAM/O'SULLIVAN

JUAN C. ARTEAGA, individually
and on behalf of others
similarly situated,

    Plaintiff,

v.

DELL FINANCIAL SERVICES, LP,
a Delaware Corporation,

    Defendant.
_____/

## ORDER

THIS CAUSE came before the Court upon Plaintiff's Unopposed Motion For Enlargement of Time. [Not yet docketed].

THE COURT has considered the Motion and the pertinent portions of the record, and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff brings this lawsuit pursuant to Rule 23 of the Federal Rules of Civil Procedure, for alleged violations of the Equal Credit Opportunity Act, 15 U.S.C. § 1691, et seq. (the "Act"). On June 30, 2006, Defendant filed a Motion to Dismiss asserting, inter alia, that the Plaintiff lacked standing to bring an action under the Act, failed to state a prima facie case under the Act and failed to comply with the requirements of Rule 23 of the Federal Rules of Civil Procedure necessary to plead class action allegations [D.E. 7 & 8]. Plaintiff filed an opposition to

the Motion to Dismiss and a hearing was held on the Motion on September 13, 2006. Both Plaintiff and Defendant presented their respective arguments at the hearing. On September 21, 2006, the Court issued an Order granting the Defendant's Motion to Dismiss and directing the Plaintiff to file an Amended Complaint within ten (10) days of the Order [D.E. 26]. The Order identified which areas of the Plaintiff's Complaint were deficient based upon the arguments presented in the pleadings and argued by counsel at the hearing.

On October 11, 2006, Plaintiff filed the instant Motion for Enlargement of Time seeking additional time to file its Amended Complaint. Although the Motion is styled as an "Unopposed Motion", the Plaintiff states that counsel was unable to discuss the motion with counsel for the Defendant. That notwithstanding, the Plaintiff asserts that additional time is required to investigate a claim by another person who alleges similar violations to the ones alleged by the Plaintiff herein. In support of its motion, Plaintiff cites Local Rule 7.1A1(j) for the proposition that no memorandum is required for an extension of time providing good cause is set forth in the motion.

## II. DISCUSSION

Federal Rule of Civil Procedure 6 sets forth the rules for computation of time and provides in relevant part,

> ...(b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is

>  required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion...(2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect...

In the instant matter, the Plaintiff filed its Motion for Enlargement of Time to File its Amended Complaint on October 11, 2006, twenty (20) days after this Court's Order directing the Plaintiff to file an amended complaint within ten (10) days. Thus, pursuant to Rule 6(b), since the time ordered by the Court had expired prior to the Plaintiff filing its Motion for Enlargement of Time, the Plaintiff must demonstrate that the failure to timely file was due to excusable neglect.

When analyzing a claim of excusable neglect, courts should "tak[e] account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Advanced Estimating System, Inc., v. Riney, 77 F. 3d 1322, 1324 (11th Cir. 1996)(citing Pioneer v. Inv. Servc. Co. V. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 23 L.Ed. 2d 74, __ (1993)).

The Court has weighed the four factors set forth in Advanced Estimating Systems and Pioneer, in this matter, and concludes that the Plaintiff is unable to meet its burden to establish excusable

neglect for its untimely filing. Indeed, Plaintiff has not stated any grounds for excusable neglect. The Plaintiff instead has stated that additional time is needed to investigate the claims of a potential co-representative of the class. This in no way explains why the Plaintiff was unable to file its Amended Complaint within ten (10) days of the Court's Order or to seek an enlargement of time prior to the expiration of those ten (10) days. In addition, the deficiencies of the Plaintiff's Complaint, as outlined by the Court in its September 21, 2006 Order, were not related to Plaintiff's failure to secure a co-representative or even to include additional class members. Rather, the Court's Order centered around the lack of allegations specific to the named Plaintiff regarding his application and subsequent denial of credit by the Defendant and the failure to set forth general class action allegations pursuant to Local Rule 23.1. Plaintiff has advanced no reason for his failure to amend the complaint in a timely manner to address those deficiencies. Further, the Plaintiff has not stated why an enlargement of time was not sought prior to the expiration of the Court-imposed deadline for filing the amended complaint, even if additional time was needed to investigate another plaintiff.

Finally, Local Rule 7.1 is not applicable to the instant issue. Whether Plaintiff was required to file a memorandum in support of its Motion for Enlargement of Time, as contemplated by Local Rule 7.1, is irrelevant for determining whether the Plaintiff

has provided a basis for finding excusable neglect under Federal Rule of Civil Procedure 6.

III. **CONCLUSION**

Based upon the foregoing, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Enlargement of Time to File an Amended Complaint is **DENIED**. It is further

**ORDERED AND ADJUDGED** that Plaintiff's action is **DISMISSED** without prejudice. In addition, it is

**ORDERED AND ADJUDGED** that this case is **CLOSED** for administrative purposes and any pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Ft. Pierce, Florida, this 19th day of October, 2006.

_____
DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record